UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,
          Plaintiff,

                            Case # 09-CR-6224-FPG

v.

                            DECISION & ORDER

MICHAEL DAVID SCHLUTER,
          Defendant.

---

  By text order of Hon. Frank P. Geraci, Jr., United States District Judge, entered on April 25, 2013, this case was referred to United States Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), to file a Report and Recommendation regarding suppression of evidence of statements. ECF Nos. 88, 90.[1] Previously, following Defendant's filing on April 5, 2013 of Motions seeking various forms of relief, including a bill of particulars, release of *Brady* materials, discovery, dismissal of the Indictment, and suppression of any statements (ECF No. 84), and the Government's filing of their Response to Defendant's Omnibus Pre-trial Motions (ECF No. 85), the Government filed a Second Superseding Indictment charging the Defendant in Count One with production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e); in Count Two with possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2); and in Count Three with transportation of a minor in violation of 18 U.S.C. § 2423(a) (ECF No. 86).

  Following a suppression hearing held on June 4, 2013 regarding statements made by Defendant on January 31, 2009 to Irondequoit Police Department investigators, the Magistrate Judge permitted both parties to file post-hearing submissions and set filing deadlines. ECF No.

---

[1] Also April 25, 2013, the Court ruled that discovery is complete, computer evidence is available for inspection by counsel, request for release of grand jury minutes is denied and, further instructed Defendant to file an affidavit to supply a request for suppression of his statement. ECF No. 88.

100. Thereafter, the Magistrate Judge, at Defendant's request, extended the time within which to complete the filing (ECF Nos. 104, 105, 107, 108) and, at the Government's request, extended the time within which to file its post-hearing submission (ECF No. 109). Defendant filed his Post-Hearing Submissions on September 6, 2013 (ECF No. 110), and the Government filed the United States' Post-Hearing Memorandum of Law (ECF No. 112).

On November 14, 2013, the Magistrate Judge rendered on the record an oral Report and Recommendation (ECF No. 118), recommending that this Court deny Defendant's motion to suppress evidence of statements made on January 31, 2009, except for any statements about a polygraph examination following Defendant's limited invocation of his right to counsel at approximately 1:54 P.M. on January 31, 2009 (ECF No. 84). On November 15, 2013, the Magistrate Judge issued a written Report and Recommendation (ECF No. 117), stating that "[f]or the reasons more fully explained on the record on November 14, 2013, I recommend that the district court deny Schluter's motion (Docket # 84) to suppress evidence of the statements that he made on January 31, 2009, except for any statements about a polygraph examination following Schluter's limited invocation of his right to an attorney at approximately 1:54 P.M. on January 31, 2009."[2] Therein, in accordance with 28 U.S.C. § 636(b)(1), the Magistrate Judge further ordered any Objections to the Report and Recommendation to be filed within fourteen (14) days after receipt of a copy of the Report and Recommendation (ECF No. 117), which period was extended until January 10, 2014 by Letter Order of this Court entered on November 27, 2013 (ECF No. 121). The extended statutory period for filing such Objections has expired, and the Court has not received any filed Objections to the Report and Recommendation.

---

[2] The Magistrate Judge also noted the Government's representation during a conference held on November 14, 2013, that it did not seek to introduce any statements made by Defendant in the discussion of a polygraph examination following his invocation at approximately 1:54 P.M. on January 31, 2009 of his right to an attorney in connection with the polygraph examination. ECF No. 117.

2

The transcript of the oral Report and Recommendation (ECF No. 120) reflects that after duly considering the credible suppression hearing testimony of Irondequoit Police Department Investigators Bean and Bove, the parties' post-hearing submissions, in addition to reviewing relevant portions of the video recording made of the statements at issue, and upon review of the relevant law, the Magistrate Judge concluded that (1) after being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1986), Defendant validly waived those rights and, with a full understanding of these rights, voluntarily elected to speak to the investigators; (2) no evidence was presented to support Defendant's contention that his statements were involuntary due to sleep deprivation; and (3) Defendant narrowly invoked his right to an attorney in connection with a proposed polygraph examination, specifically, at approximately 1:54 P.M. on January 31, 2009, for the limited purpose of advising him about taking a polygraph exam.

After reviewing all matters submitted, I find no reason to alter or modify any of the findings and conclusions contained in the Report and Recommendation. Accordingly, the Court accepts and adopts the written Report and Recommendation filed by United States Magistrate Judge Marian W. Payson (ECF No. 117), including the findings and conclusions set forth on the record in the oral Report and Recommendation (ECF No. 118), as reflected in the transcript filed on November 20, 2013 (ECF No. 120). With the exception of any statements about a polygraph examination following the limited invocation of his right to an attorney at approximately 1:54 P.M. on January 31, 2009, which statements may not be introduced at trial, Defendant's Motion to suppress evidence of the statements made on January 31, 2009 (ECF No. 84) is hereby denied.

IT IS SO ORDERED.

DATED: Rochester, New York
January 21, 2014

HON. FRANK P. GERACI, JR.
United States District Judge

3